[Crim. No. 2765.   Second Appellate District, Division One.—October 15, 1935.]

In the Matter of the Application of JAMES A. JOHNSON for a Writ of Habeas Corpus.

F. H. Bowers for Petitioner.

Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

YORK, J.—This matter comes before us on an amended petition for writ of *habeas corpus* and the return thereto. James A. Johnson, petitioner herein, was held in custody under an order made by the superior court finding him guilty of contempt of court and sentencing him to pay a fine of $250, or in lieu thereof, to serve one day in the county jail for each $2 of the unpaid balance. The basis of the contempt order was the failure of the petitioner to deliver money and other property to the liquidator of the Benjamin Franklin Bond & Indemnity Corporation.

A condensed statement of the facts involved in this transaction is as follows: E. Forrest Mitchell, as insurance commissioner of the state of California, was the duly appointed, qualified and acting liquidator of the Benjamin Franklin Bond & Indemnity Corporation, and as such was entitled to and did take possession of the business of the said corporation. Prior to the date of the order appointing said Mitchell as such liquidator, said corporation filed its stay bond on appeal in the superior court on behalf of Myra Johnson, defendant in a divorce action brought by this petitioner against her, the judgment in which case was affirmed on appeal. Subsequent to the time of entry of judgment in the divorce action, in order to obtain possession from Myra Johnson of a certain piece of property awarded to this petitioner in the divorce action, petitioner brought an action in unlawful detainer against said Myra Johnson in Justice's Court for Montebello Township, and judgment therein was rendered in favor of this petitioner for the sum of $930 and costs; whereupon said Myra Johnson appealed to the superior court from that judgment without filing a stay bond on appeal. After the rendition of the judgment in the justice's court and dur-

ing the pendency of the appeal therefrom, the petitioner here procured an order of the superior court requiring the liquidator of the Benjamin Franklin Bond & Indemnity Corporation to deliver to said petitioner in satisfaction of his justice's court judgment certain property theretofore hypothecated with said corporation by said Myra Johnson, as collateral security on her stay bond on appeal in the original divorce action. The property so ordered to be delivered to this petitioner was described in the order as follows: "Deed of Trust covering Lot 23, Block 12, Tract 4301, . . . as per map recorded in Book 50, pages 98 and 99 of Maps . . .

"Certificate of deposit, Farmers and Merchants National Bank, No. 11650, in the sum of Five Hundred Seven and 50/100 ($507.50) Dollars."

In addition, the order directed that the proceeds of said property and money be applied to the satisfaction of said judgment in the said total sum of $966, and that the said petitioner "shall foreclose said Deed of Trust according to law, and any amount remaining after the satisfaction of said Judgment, in said sum of Nine Hundred Sixty-six ($966.00) Dollars, after deducting the cost of said foreclosure, shall be delivered and paid to E. Forrest Mitchell, as Liquidator for the said Benjamin Franklin Bond and Indemnity Corporation, a Corporation."

Pursuant to said order, petitioner received said certificate of deposit and interest and did apply the total sum of $522.73 to the satisfaction of the judgment named in the order, leaving a balance due petitioner on said judgment of $966, the sum of $443.27. Subsequent to the making of said order and the application by petitioner of the sum of $522.73 to the satisfaction of his judgment, the latter-named judgment for $966 was reduced upon the appeal therefrom to the sum of $328.

It is alleged in the amended petition for the writ which we are now considering that the petitioner, upon notice of reduction of the said judgment to the lesser sum, offered to return the deed of trust to Myra Johnson, and did in fact return and deliver said deed of trust to the liquidator of the Indemnity Corporation, but that he was unable to pay or return to said liquidator any part of the money received by him for the reason that he was without property or funds. The liquidator then demanded from petitioner a redelivery

to him of the note and trust deed, properly assigned, together with the sum of $225.93, which represented the net balance remaining in petitioner's hands after deducting $296.80 (the net amount of the reduced judgment), from the amount realized on the certificate of deposit, which was $522.73.

In response to petition and order to show cause *in re* contempt, petitioner here filed an affidavit in which he stated that he had used the money received from the certificate of deposit for living expenses; that he had offered to Myra Johnson the deed of trust and note, but that acceptance thereof had been refused by said Myra Johnson, and that "affiant-respondent does hereby tender to this Court the said Deed of Trust and said Note".

Upon hearing of the contempt matter, the court made its order committing petitioner for contempt, which order provided, among other things, as follows:

"Whereas, said James A. Johnson, at said hearing on the 29th day of April, 1935, tendered into Court said deed of trust, but failed and neglected and refused to return said note or said sum of $225.93, or any part thereof; . . .

"Whereas, said James A. Johnson has repeatedly and consistently neglected and refused to return or deliver to the said Liquidator of said Benjamin Franklin Bond and Indemnity Corporation the said $225.93 and said promissory note, or either of them, or any part thereof,

"Now, Therefore, It Is Ordered, Adjudged and Decreed:

"That said James A. Johnson is guilty of the contempt of the Order of the above entitled Court, as aforesaid, and is adjudged by the undersigned to pay a fine of $250.00 or, in lieu of payment thereof, be remanded to and imprisoned in the County Jail of the County of Los Angeles for the period of one day for each Two Dollars ($2.00) of said fine that shall remain unpaid, and that said James A. Johnson be forthwith committed to the custody of the Sheriff of the County of Los Angeles until he complies with the judgment of this court."

Petitioner contends that, upon reduction of said $966 judgment to $328, he became indebted to Myra Johnson named in said order, in the sum of $225.93, which was and is a civil debt, and that he is being imprisoned and held because of his inability to pay said debt, in violation of section 15, article

I, of the California Constitution, and in violation of subsections 1, 4 and 7, section 1487, of the Penal Code. He also points out that the money was delivered to him under court order of February 25, 1934, and demand for its return was not made by the liquidator until March 1, 1935, or more than one year after its delivery to petitioner.

In order to constitute contempt, it is essential that the thing ordered to be done be within the power of the person to perform. (5 Cal. Jur. 913.) The statement of petitioner that he is without funds with which to pay the $225.93 remains uncontroverted in the record.

This proceeding is an attempt on the part of the court to collect by means of a proceeding *in re* contempt an amount of money which is undoubtedly due to a judgment debtor by reason of an overpayment made to a judgment creditor by the liquidator, acting under the orders of the court, such payment having been made out of property and funds deposited by said judgment debtor with the corporation in liquidation, solely as security to indemnify such corporation from any possible liability under a stay bond on appeal filed in the original divorce action, as hereinbefore set forth. So far as the record shows, the liquidator and the corporation in liquidation have no other interest in the property ordered to be turned over, than as above stated, and there is nothing to show that there is any liability on the part of the corporation in liquidation on account of the stay bond in question. This being so, it was not within the province of the court to make the order in this proceeding adjudging petitioner James A. Johnson guilty of contempt in failing to pay over and deliver to the liquidator the property, referred to in the order which is under attack here.

The petitioner is ordered discharged.

Doran, J., concurred.

Houser, P. J., concurred in the judgment.